# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:12-CR-166-PLR |
| | ) | |
| ARTHUR EUGENE MARTIN | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's *pro se* motion for sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines [R. 40].

Defendant was convicted of two counts of aiding and abetting the distribution of at least 28 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and (C). Because defendant has two prior felony convictions for drug trafficking, he was adjudged a career offender, and his advisory guideline range was 262-327 months. Defendant was sentenced to a below-guideline sentence of 235 months. Defendant's guideline range was not based upon any drug quantity; it was based upon his career offender classification. Because defendant's guideline range was based on a career offender classification, which was not lowered by Amendment 782, defendant is not eligible for a sentence reduction under the Amendment. *See United States v. Payton*, 617 F.3d 911, 914 (6th Cir. 2010) (a defendant convicted of drug charges but sentenced as a career offender under USSG § 4B1.1 is not eligible for a reduction).

This conclusion is not altered by the Supreme Court's recent decision in *Hughes v. United States*, 138 S.Ct. 1765 (2018), which defendant cites in his motion. In *Hughes*, the Supreme Court held that a sentence imposed to a "Type-C" plea agreement that specifies a particular sentence is "based on" the defendant's Sentencing Guidelines range for purposes of 18 U.S.C. § 3582. *Id.* at 1775-76. Here, defendant entered a guilty plea without a plea agreement, so *Hughes* is inapplicable. Amendment 782 did not lower the offense levels applicable to career offenders. Rather, it impacted only offense levels calculated under the drug trafficking guidelines. Here, the drug trafficking guidelines played no role in determining defendant's sentencing range. Thus, the fact that Amendment 782 lowered the sentencing range for defendant's underlying offense does not support a sentence reduction. Were defendant sentenced today, he would receive the same sentence.

Accordingly, defendant's motion for sentence reduction [R. 40] is **DENIED.**

**IT IS SO ORDERED.**

Enter:

_____
**UNITED STATES DISTRICT JUDGE**