UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:12-CR-166-KAC-HBG |
| ARTHUR EUGENE MARTIN, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO REDUCE HIS SENTENCE**

The Defendant, Arthur Martin, filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) due to his health conditions in light of the COVID-19 pandemic [Doc. 43]. His motion also requested the appointment of counsel [*Id.*]. Following the filing of a notice of conflict by his prior attorney, the Court appointed new counsel for the Defendant [Doc. 46]. Since the appointment of new counsel, Defendant has filed a supplement to his motion, arguing that his obesity and sleep apnea constitute "'extraordinary and compelling reasons' warrant[ing] a sentence reduction" and the factors set forth in 18 U.S.C. § 3553 also justify a reduction [Doc. 52]. The United States opposes Defendant's request for compassionate release [Doc. 53]. Because the relevant factors in 18 U.S.C. § 3553(a) do not support a modification, the Court denies his request for a reduced sentenced.

I. *Background*

On December 4, 2012, a grand jury indicted Defendant for distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and distributing 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) [Doc. 1]. The United States subsequently filed an information establishing that Defendant had two prior felony drug convictions [Doc. 9]. On

March 6, 2013, the United States filed a Notice of Factual Basis detailing that Defendant twice sold cocaine base weighing in total over ninety (90) grams [Doc. 14]. On April 1, 2013, Defendant pled guilty to the indictment [Doc. 15].

Defendant has a substantial history of related criminal conduct, which started in 1992 and did not stop until his arrest for the instant offense [Doc. 9]. Notably, Defendant pled guilty to the sale of less than one-half gram of cocaine on July 14, 2000 and was sentenced to four years of incarceration [Doc. 9-1, 2]. On December 4, 2003, Defendant pled guilty to a lesser included offense of possessing cocaine with the intent to sell and was sentenced to six years of supervision under the Community Based Alternative to Prison Program [*Id.* at 1]. Defendant also had fifteen (15) other prior convictions for possession of cocaine, evading stop and frisk, carrying a weapon, driving on a suspended license, driving on a revoked license, criminal trespass, possession of marijuana, theft, and evading arrest [Presentence Investigation Report ("PSR") ¶¶ 29-45][1]. Defendant's prior convictions resulted in a criminal history score of six, [*id.* at 46], and his predicate felonies resulted in his classification as a career offender, [*id.* at 47].

Based upon his status as a career offender, Defendant was subject to a mandatory term of at least 120 months' imprisonment up to a maximum term of life imprisonment. The advisory sentencing guideline was 262 to 327 months imprisonment [*Id.* at 68]. After a lengthy sentencing hearing, the Court sentenced Defendant to a below-guidelines sentence of 235 months incarceration [Doc. 37, 3]. Defendant has an expected release date of November 4, 2029 [*See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed January 7, 2022)].

---

[1] Given the age of this case, the presentence investigation report is not on the case docket, but the Parties had access to a copy that is on file with the Court.

Defendant now moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) [Doc. 43]. In support of his request, Defendant, who is 47 years old, argues that his obesity and sleep apnea put him at an elevated risk of complications from COVID-19 were he to contract the disease while incarcerated [*Id.* at 4]. Defendant submitted his request to "Warden Geter asking for a reduction in sentence/compassionate release" on December 6, 2020, [*id.* at 1], but the Bureau of Prisons has not brought a motion on his behalf. The United States opposes any sentence reduction, noting Defendant's drug trafficking and significant criminal history [Doc. 53]. The Government also notes that Defendant has more than eight (8) years remaining on his sentence [*Id.*].

*Discussion*

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(1)(A) provides narrow circumstances under which the Court may reduce an incarcerated individual's sentence. As a threshold matter, the individual must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [individual's] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). If that threshold requirement is met, a district court may reduce a sentence where the Court finds that (1) "extraordinary and compelling reasons warrant a sentence reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the Section 3553(a) factors, to the extent they apply, support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (internal quotations omitted). The "district courts may deny compassionate-release

3

motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 519.

Because consideration of the Section 3553(a) factors is dispositive, the Court begins its analysis there.[2]  Defendant is serving a 235-month sentence for distributing a significant amount of cocaine base [Docs. 26 and 31, 9-10].  To date, the Bureau of Prisons projects that he still has eight (8) years to serve on that sentence [*See* Inmate Locator, *supra*].  Defendant has a substantial history of criminal conduct—including prior drug and weapons offenses [PSR ¶¶ 29-45].  *See* 18 U.S.C. § 3553(a)(1).  Defendant's criminal conduct continued unabated for twenty years until his arrest in this case, and as a result of his predicate felonies he has been classified as a career offender [*Id.*].  Even while incarcerated, he has incurred ten (10) disciplinary sanctions [Doc. 53-2].  As such, the nature and circumstances of the instant offense and history and characteristics of Defendant counsel against a sentence reduction, and the public still requires protection from potential further crimes of Defendant.  *See* 18 U.S.C. § 3553 (a)(1), (a)(2)(C).  His numerous offenses, escalating in gravity, indicate that a significant sentence is required to deter Defendant from criminal conduct.  *See* 18 U.S.C. § 3553(a)(2)(B).  Moreover, the Court initially sentenced Defendant to a term of imprisonment below the advisory guidelines, and any further reduction in sentence might result in an unwarranted sentence disparity with similarly situated career offenders.  *See* 18 U.S.C. § 3553(a)(6).  While obesity and sleep apnea may leave Defendant at greater risk of complications were he to contract COVID-19, the nature and circumstances of the instant offense, the history and characteristics of Defendant, the need for the sentence imposed

---

[2] In his January 25, 2021 motion, Defendant represents that he filed a request for compassionate release with the warden at the Bureau of Prisons (BOP) on December 6, 2020 [Doc. 43, 1].  Taking Defendant's assertion as true, more than thirty (30) days have passed since the warden received his request that BOP bring a motion on his behalf.  Accordingly, Defendant has satisfied the threshold exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A).

to afford adequate deterrence to criminal conduct, the need for the sentence imposed to protect the public from further crimes of the defendant, and the need to avoid unwarranted sentencing disparities weigh against providing a sentence reduction at this time.

Having considered all of the Section 3553(a) factors, a reduction of Defendant's sentence is not appropriate. Because the Section 3553(a) factors do not support a modification, the Court need not specifically address the other prerequisites listed in Section 3582(c)(1)(A). *See Elias*, 984 F.3d at 519. The Court has already appointed counsel for Defendant, so his request for appointment of counsel is moot. The Court, therefore, **DENIES** Defendant's "Motion Seeking Appointment of Counsel and Reduction in Sentence" [Doc. 43].

IT IS SO ORDERED

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge